(47 App. Div. 471.)

## SNEDEKER v. SNEDEKER.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

1. ACTION FOR WRONGFUL DEATH—RELEASE—EFFECT.

Under Code Civ. Proc. § 1902, providing that an executor or administrator may maintain an action for the recovery of damages for the wrongful death of his decedent, a release by the person appointed administrator, executed prior to his appointment, constitutes no defense to the action.

2. SAME—DISTRIBUTION OF DAMAGES.

Code Civ. Proc. § 1904, provides that damages awarded in an action by an administrator for the wrongful death of his decedent shall be "a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought." Section 1903 provides that the damages collected "must be distributed * * * as if they were unbequeathed assets." *Held*, that section 1903 is controlling as to the distribution of the damages collected.

Appeal from surrogate's court, Kings county.

Proceeding by Thomas H. Snedeker against Ada May Snedeker, as administratrix, etc., of Charles Snedeker, for an accounting. From an order in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of the surrogate (ABBOTT, S.):

I am unable to agree with the contention of the learned counsel for the administratrix, although there is much force in his argument. The terms of the statute are explicit. The action must be brought by the administrator or executor (Code Civ. Proc. § 1902), and a release by the person appointed administrator, executed prior to his appointment, constitutes no defense to the cause of action. Stuber v. McEntree, 142 N. Y. 200, 36 N. E. 878. The damages are exclusively "for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands." Code Civ. Proc. § 1903. The term "next of kin," as used in these sections, "includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent." Id. §§ 1870–1905. The cause of action allowed is purely statutory, and did not exist at common law, and we must look to the statute exclusively for direction as to distribution of the sum recovered. I fully recognize the apparent inconsistency between the provisions of section 1904, that the damages awarded shall be "a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons, for whose benefit the action is brought," and the direction of section 1903 that the damages collected, after the deduction of commissions, "must be distributed * * * as if they were unbequeathed assets"; but the latter direction is explicit, and, to my mind, susceptible of only one construction. Let an order be presented on two days' notice in conformity with the views herein expressed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Charles M. Stafford, for appellant.
A. T. Payne & Son, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of the surrogate of Kings county.